| 58 | 113 |
| 97 | 563 |
| 58 | 113 |
| 103 | 444 |

# Owens, Adm'r, *v.* Childs, *et al.*

*Bill in Equity to enjoin Administrator's Sale of Lands, &c.*

*Administrator; when will be enjoined at instance of heirs from selling lands of intestate to pay expenses of administration.*—A court of equity, at the instance of adult heirs, who paid up all the debts of their ancestor except a very trifling amount due a single creditor, and divided his lands among themselves, will enjoin a sale of the lands to pay expenses of administration and costs of litigation carried on by an administrator, who, without being so requested by the creditor or any heir, sued out letters and engaged in litigation, for the avowed and selfish purpose of running out of the country a person in possession, and buying the lands himself.

APPEAL from Chancery Court of Pike.

Heard before Hon. ADAM C. FELDER.

The heirs at law of William Childs, deceased, filed this bill against the appellant, Owens, praying, among other things, that he be enjoined from selling certain lands of the intestate, for payment of the expenses of administration and costs of certain litigation carried on by Owens, who, without being requested by the heirs or the only creditor, to whom an insignificant sum was due, sued out letters and carried on litigation, for certain avowed and selfish ends of his own. The opinion sets out the facts.

The cause having been submitted on pleading and proofs, the chancellor granted an injunction as prayed, and this decree is now assigned as error.

WATTS & WATTS, and J. D. GARDNER, for appellant.

JERE N. WILLIAMS, contra.

MANNING, J.—William Childs, who was owner of the land, situated in Pike county, Alabama, which is the subject of this controversy, died in the State of Arkansas, in the year 1861. Owing no debts, or only a few small ones, that were paid by his children, then all of full age, they, in the early part of 1862, divided his property among themselves, by agreement. The Pike county land, 160 acres, was allotted to and taken by the appellees, sons of said William, who were complainants in this cause in Pike Chancery Court, and the rest of the family of deceased, all lived in other States, Arkansas, Texas, and Louisiana, and were all satisfied with the disposition made of their father's property. At least, it was not at the instance of any of them that proceedings were taken by the appointment of an administrator, to have the land in Pike county sold; nor was this done at the instance of any creditor here. Indeed, it is not certain that there was any creditor of Wm. Childs in this State. The only person supposed to be so, put the amount due to him at twenty dollars, and, although he was well acquainted with the family of Childs, never claimed payment of it from any of them, even when one of them came out to see about the land, and met and conversed with him here. Nor does it appear that he ever solicited the appointment of an administrator in Alabama, in order to obtain payment of such a debt. True, he says he spoke of it to Owens before the latter became administrator, but he did so at his own house in a conversation which Owens sought with him there. Indeed, Owens seems to have been more desirous to encourage

[Fore, Adm'r, v. McKenzie.]

him to set up a claim as creditor, than he was to induce Owens to become administrator.

The objects of the latter, who sued out letters of administration in September, 1869, and two days afterwards filed his petition to have the land sold, are frankly stated in a letter he afterwards wrote to LaFayette Childs. These objects were, *first*, to get one Hurst, who was in possession of the land, out of it, and out of the country, and *secondly*, to buy the land himself. In his endeavors to accomplish these purposes, he seems to have created a bill of costs, and attorney's fees, of several hundred dollars, an amount equal to, or exceeding one-half of the value of the land, and he is now insisting on having it sold, to pay them. To allow this to be done under such circumstances, would be inequitable as well as inhospitable. It is no part of the policy of our laws, concerning the administration of estates, to encourage an unnecessary and oppressive interference with the rights of heirs and others, and the courts should not allow them to be so used. We are of opinion that the appellees were entitled to relief by injunction.

Let the decree of the chancellor be affirmed.