# Childs *v.* Davis.

## *Petition to Annul Letters of Administration.*

(Decided June 1, 1911.   55 South. 540.)

1. *Executors and Administrators; Appointment; Objection; Waiver.*—In the light of the provisions of sections 2520 and 2522, Code 1907, a creditor cannot object that letters of administration were improvidently granted to one not entitled to the same, or have the letter revoked where such creditor failed to apply for such letters of administration within forty days from the death of the intestate.

2. *Same; Validity; Statute.*—Where an administrator not belonging to either of the first three classes enumerated by section 2520, Code 1907, was appointed within 15 days from the death of the intestate, such appointment was not void, but merely voidable on the objection of those having a prior right to letters made within forty days as provided by section 2522, Code 1907.

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Application by Mathew Childs to set aside and annul letters of administration granted to G. W. Davis. From a judgment denying his petition, said Childs appeals. Affirmed.

By a petition filed on the 9th day of January, 1911, it is alleged that Arthur Rowland departed this life on the 20th day of December, 1910, leaving no last will and testament, and that G. W. Davis was a cousin and nearest relative in America; that he was 21 years old, etc. On the same day the petition was filed, an order was entered granting letters of administration to G. W. Davis upon his making a bond, which bond was taken and approved the same day and the letters issued. On the 20th day of February, 1911, Mathew Childs filed a petition seeking to revoke and set aside the orders made and the letters heretofore issued upon the estate of said Arthur Rowland, alleging that the estate was indebted to him in the sum of about $50; the basis for the petition

being the fraudulent misrepresentation made by Davis as to his relationship, and that the letters were premature and improvident, in that there was no renunciation by persons primarily entitled to letters of administration.

W. MARVIN WOODAL, for appellant. A grant of letters of administration by a probate judge, which is erroneous, irregular or voidable may be revoked on the application of any person having an interest in the estate.— *Koger v. Franklin*, 79 Ala. 505; *Watson v. Glover*, 77 Ala. 323; *Broughton vs. Bradley*, 34 Ala. 694; *Kerr v. Kerr*, 41 N. Y. 272; *Sipperly v. Bancus*, 24 N. Y. Rep. 46. When letters of administration have been granted improvidently, or irreglarly the court granting has the inherent power to revoke them, either ex mero motu, or on application of any person in interest.—*Koger v. Franklin*, 79 Ala. 505; *Watson v. Glover*, 79 Ala. 323; *Broughton v. Bradley*, 34 Ala. 694. A judgment obtained by fraud or collusion may be vacated or set aside, courts of record possessing an inherent common-law power in this behalf, which is not dependent upon legislation.—23 Cyc. page 917, § a; *Kerr v. Kerr*, 41 N. Y. 272. Fraud practiced upon the court is always ground for vacating the judgment, as when the court is deceived or misled as to a material circumstance, or its process is abused resulting in the rendition of a judgment which would not have been given, if the whole conduct of the case had been fair.—32 Cyc. page 919, § a; *Pruett et al. v. Pruett*, 32 South. 638. When letters of administration have been procured by fraud as when the court grants the letters upon a false statement or suggestion as to a material fact, or that the person appointed does not bear the relationship to the decedent which was made the basis of the grant of administration, the letters should be revoked by the court

which granted the same, upon an application by any person having an interest in the estate setting forth the fraud or misrepresentation.—18 Cyc. page 152, § c; *Lutz v. Mahan,* 80 Md. 233, 30 Atl. 645; *Kerr v. Kerr,* 41 N. Y. 416; *Watson v. Glover,* 77 Ala. 323; *Wernse et al. v. Hall, Adm'r,* 101 Ill. 423; *Mary O'Gara v. Mary E. Eisenlohr,* 38 N. Y. 296; *Walace v. Walker,* 37 Ga. 265.

GEORGE HUDDLESTON, for appellee. A petition to revoke letters of administration is in legal effect a new suit, and notice should be given in some sufficient way. —*Boynton v. Nelson,* 46 Ala. 501; *Cogburn v. McQueen,* 46 Ala. 551. The judgment of the court might be affirmed on this theory alone. Being a creditor, Childs lost his right to have the letters revoked by failing to take action within the forty days after intestate's death.—*Curtis v. Williams,* 33 Ala. 570, *Wheat v. Fuller,* 82 Ala. 572. This action is a collateral attack, and cannot bring into question the validity of the appointment.—*Breeding v. Breeding,* 128 Ala. 412; *L. & N. v. Perkins,* 152 Ala. 133.

ANDERSON, J.—Section 2520 of the Code of 1907 fixes the order in which persons are entitled to letters of administration. There was no widow, and the appellee, Davis, sought letters under the second class as next of kin, while the appellant claims to be a creditor under the third class. Section 2522 provides that, unless the persons under the first three subdivisions of section 2520 apply for letters within 40 days after the death of the intestate is known, the persons so entitled must be held to have relinquished their right to administration. Letters were granted to Davis more than 15 days after the death of the intestate, and, if improvidently granted, this appellant cannot complain or have

the same revoked, for the reason that he waived any right to administer by failing to apply for letters within 40 days, and thereby obtain a revocation of the appointment of the said Davis, and the pendency of the other administration, improvidently granted before the expiration of 40 days, does not excuse his failure, nor relieve him from its consequences.—*Curtis v. Burt,* 34 Ala. 729; *Curtis v. Williams,* 53 Ala. 570; *Wheat v. Fuller,* 82 Ala. 572, 2 South. 628; *Davis v. Swearingen,* 56 Ala. 31; *Barclift v. Treece,* 77 Ala. 528. The time having expired, before this proceeding was instituted, for the appointment of any one having a better right to letters of administration than this appellee, whether he was next of kin to the intestate or not, all intendments must be indulged in the fitness of the appointee; but, if an unfit person to administer, the attack should be by a proceeding to remove him, and not to revoke the letters on an attack made by a person who has waived all right of preference he may have had to said letters of administration.

The issuance of the letters to Davis was not void; for, if he did not come under the second subdivision of section 2520, he did come within subdivision 4, and the probate judge had the right and jurisdiction to appoint him; but, having done so before the expiration of 40 days from the death of the intestate, the appointment was voidable upon the seasonable application of those having a better right under the statute, but who waived their preference by failing to apply and take steps to revoke the appointment of the appellee within 40 days after the death of the intestate.

The judgment of the probate court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.