(99 South. 652)

### BOYTE v. PERKINS.  (6 Div. 956.)

(Supreme Court of Alabama.  Jan. 17, 1924. Rehearing Denied April 17, 1924.)

1. Executors and administrators ⬤═175—Widow entitled to possession of deceased husband's residence rent free until dower assigned.

Under Code 1907, § 3824, a widow is entitled to the possession of the realty usually occupied by deceased husband as his residence free of rent until her dower is assigned.

2. Executors and administrators ⬤═39, 129 (1)—Decedent's realty subject to payment of debts if personalty insufficient.

Decedent's realty, subject to dower and homestead, is an asset of the estate, subject to the payment of debts if personalty is insufficient, the administrator being a trustee charged with the duty to take possession, rent, and in due course to sell the realty, if need be, for the payment of debts.

3. Homestead ⬤═5—Laws should be liberally construed.

Homestead laws should receive a liberal construction in furtherance of their purpose.

4. Executors and administrators ⬤═325, 326—When administrator may sell decedent's lands stated.

An administrator is empowered to sell decedent's lands under Code 1907, § 2621, for division among heirs when the lands cannot be equitably divided, on written consent of one of the adult heirs, and when the personal property is insufficient to pay debts; in the latter event the duty being mandatory, as part of the general duty to faithfully administer the estate.

5. Executors and administrators ⬤═131—Duty of administrator as representative of decedent's creditors and heirs, stated.

In selling decedent's realty to pay debts, the administrator represents the creditors as opposed to the heirs and, so long as there are any outstanding debts and no personal property to pay them, it is his duty to intercept the rents and sell the lands if need be to pay creditors without being controlled by the heirs, but he is also trustee for the heirs.

6. Executors and administrators ⬤═192—Duty of widow as administratrix of deceased husband's estate, stated.

Under Code 1907, §§ 4219–4222, where a widow becomes administratrix of her deceased husband's estate, it is her duty, as administratrix, to have her dower allotted to her within a reasonable time, and failing to do so, or to sell the property in due course of administration, her possession of the land in excess of her dower or homestead right must be considered as held by her as administratrix, with the right to elect whichever she may consider the larger estate.

7. Executors and administrators ⬤═104(1)—Widow as administratrix of husband's estate held properly charged with interest on rents of estate.

A widow, on settlement of her accounts, as administratrix of her deceased husband's estate, who failed to have dower or homestead right assigned, held properly charged with interest on rents of real estate which she failed to apply to debts of the estate.

8. Executors and administrators ⬤═464—Estate of widow failing to assign dower held chargeable for proportionate share of taxes, repairs, insurance, and interest on homestead.

Where a widow took possession of deceased husband's residence and received rents there-

---

from, paid taxes, kept up repairs and insurance thereon until she died nine years later, without assignment of dower, sale of property, or final settlement, leaving considerable indebtedness still outstanding, her estate was chargeable with a proportionate share of the expenses for taxes, repairs, insurance, and interest thereon.

**9. Executors and administrators ⊜478'—Administratrix of deceased husband's estate held improperly charged with interest on mortgage on homestead.**

Where a widow paid the interest on a mortgage given by husband on the homestead property, and had reduced the principal, *held* that, on settlement of her account as administratrix, she was improperly charged with interest on the mortgage, in view of Code 1907, §§ 3824, 4196, 4219, where she had already been charged with interest on rents which she should have held as administratrix.

**10. Executors and administrators ⊜104(1)—Administrator diverting assets to own use chargeable with interest.**

Where an administrator diverts assets of the estate to his own use, he should 'be chargeable with interest thereon.

**11. Executors and administrators ⊜478—Charging administratrix with interest held improper as double charge on same funds.**

Where administratrix had been charged interest on rents properly going to decedent's estate, which she diverted to her own use, the court in properly disallowing a credit for the amount of such rent, erroneously charged her account with interest which would make a double charge on the same amount.

**12. Executors and administrators ⊜496(1)—Administrator's commissions within sound discretion of court.**

Under Code 1907, § 2690, commissions which should be allowed an administrator as compensation are within the sound discretion of the court not exceeding the maximum fixed by statute.

**13. Executors and administrators ⊜464—Nature of settlement of estate of deceased administrator stated.**

A settlement under Code 1907, § 2692, by personal representative of deceased administrator, is for the purpose of ascertaining what the deceased administrator's estate owes because of the trust left unsettled, and the decree is a claim against deceased representative's estate, and gives no preference over other debts of decedent.

**14. Executors and administrators ⊜513(12)—On resignation or removal, administrator and sureties are liable for amount found due on settlement.**

Under Code 1907, § 2694, an administrator who resigns or has been removed and his sureties are liable for the amount found due on settlement of decedent's estate.

**15. Executors and administrators ⊜508(3)—Decree directing execution against personal representative of deceased administratrix held improper.**

Under Code 1907, §§ 2692, 2694, on settlement of estate after administratrix's death, where no maladministration by administrator of deceased administratrix was claimed, a decree directing execution against him and his sureties under sections 2812, 2813, *held* improper, as he was not personally responsible for the amount due from his intestate's estate except to pay it in due course of administration, in view of section 2798.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Pending administration of the estate of John R. Perkins, Sr., deceased, the administratrix, Margaret B. Perkins, died, and A. M. Boyte, as administrator of the estate of Margaret B. Perkins, deceased, filed a final settlement of the account of Margaret B. Perkins, as such administratrix of the estate of John R. Perkins, Sr., deceased. John R. Perkins, Jr., individually and as administrator de bonis non of the estate of John R. Perkins, Sr., deceased, filed objection to said final settlement. From the decree entered thereon, A. M. Boyte, as administrator of the estate of Margaret B. Perkins, deceased, appeals. Reversed and remanded.

Horace C. Wilkinson, of Birmingham, for appellant.

The homestead, being reduced to its lowest practicable area, although still in excess of $2,000, was due to be retained by the widow as a homestead, without payment of rent. Code 1907, § 4219; Faircloth v. Carroll, 137 Ala. 243, 34 South. 182; Gentry v. Gentry, 122 Mo. 202, 26 S. W. 1090; Spinning v. Spinning, 41 N. J. Eq. 427, 5 Atl. 278; Inge v. Murphy, 14 Ala. 289; Reeves v. Brooks, 80 Ala. 26; Perrine's Ex'rs v. Perrine, 35 Ala. 644; Norton v. Norton, 94 Ala. 481, 10 South. 436. The widow, having acted on the advice of counsel in failing to collect rents on the homestead as personal representative, is protected from being penalized for failure to collect. King v. Berry, 3 N. J. Eq. 261; In re Joost's Estate, 50 Misc. Rep. 78, 100 N. Y. Supp. 378; Pearson v. Gillenwaters, 99 Tenn. 446, 42 S. W. 9, 63 Am. St. Rep. 844. The estate was liable for the taxes on the homestead during occupancy by the widow, and she had the right to pay such taxes and take credit therefor. Howard v. Rutherford, 149 Ala. 661, 43 South. 30; Shoultz v. Lee, 260 Mo. 719, 168 S. W. 1147; Smith v. Stephens, 164 Mo. 415, 64 S. W. 260; Morton's Ex'rs v. Morton's Ex'r, 112 Ky. 706, 66 S. W. 641; Norton v. Norton, 94 Ala. 481, 10 South. 436. Likewise as to repairs. Henderson v. Simmons, 33 Ala. 291, 70 Am. Dec. 590; Gerald v. Bunkley, 17 Ala. 170. And insurance. Holland v. Doke, 135 Ark. 372, 205 S. W. 648; In re Woods, 55 Misc. Rep. 181, 106 N. Y. Supp. 471. And interest on the mortgage on the homestead. McNeill's Adm'r v. McNeill's Creditors, 36 Ala. 109, 76 Am. Dec. 320; Cronley v. Cronley, 40 N. J. Eq.

31. Commissions paid by the administratrix for collection of rents was a proper credit. Pinckard's Case, 24 Ala. 251; Walker v. Walker's Distributees, 26 Ala. 262; Clark v. Knox, 70 Ala. 608, 45 Am. Rep. 93. The appellant was not liable beyond the amount coming into his hands as administrator. Code 1907, § 2798.

Miller & Graham, of Birmingham, for appellee.

The widow administratrix was due to institute proceedings to have dower and homestead exemption allotted to her within a reasonable time; failing, she was not entitled to claim rents. Benagh v. Turrentine, 60 Ala. 557; Clark v. Knox, 70 Ala. 607, 45 Am. Rep. 93. The widow was chargeable with repairs, taxes, insurance, and commissions for collecting rent of the homestead, incurred during the first two years, after which she was chargeable with one-third such expenditures, she as administratrix being chargeable with two-thirds. The administratrix was chargeable with interest on the money wrongfully appropriated by her. Pearson v. Darrington, 32 Ala. 227; Harrison's Adm'r v. Harrison's Distributees, 39 Ala. 489.

BOULDIN, J. The appeal is to review the proceedings and decree on final settlement of an estate. The widow was the administratrix of the husband's estate. The personal property was insufficient to pay the debts of the estate. Among the items of real estate was the residence usually occupied by the husband in the city of Birmingham, of the appraised value of $6,500. The widow took possession of this property upon the husband's death, received the rents therefrom, paid the taxes, kept up repairs and insurance thereon until her death, a period of more than nine years. No dower was assigned, no sale of the property, no final settlement of her administration was made, and considerable indebtedness was still outstanding at the time of her death.

The chief controversy centers about the duties of the administratrix in course of administration touching this property, and her right of quarantine and homestead therein.

[1] Quarantine Right. A widow is entitled to the possession of property thus situate until her dower is assigned, free from the payment of rent. Code 1907, § 3824.

[2] All the real estate of a decedent, subject to dower and homestead, is assets of the estate subject to the payment of debts, if the personalty is insufficient for that purpose. The administrator is a trustee charged with the duty to take possession of the real estate, rent it, and, in due course, sell it, if need be, for the payment of debts.

Where the dual relation of widow and administratrix exists, when does the right of quarantine end and the duty of the administratrix begin?

In Benagh, Adm'r, v. Turrentine, Adm'r, 60 Ala. 557, a case on all fours with this in many ways, the above question was answered in substance as follows:

As widow she owes no duty to have the dower assigned. As administratrix her duties are the same as if a third person were in her place. "She becomes trustee for others, and, while caring for her own interests, she must not neglect the interests of those for whom she holds in trust." Her duty is to have her own dower allotted within a reasonable time after her appointment as administratrix, and, failing so to do, is liable as administratrix for the resultant injury to the estate.

What is a reasonable time for allotment of dower depends on the known condition of the estate. If known to be insolvent, there is no occasion for further delay. But the condition of the estate may not be known until the expiration of the statutory period for presentation of claims. Another six months for instituting and conducting dower proceedings to a decree should probably be allowed before holding her as for a devastavit.

Thus reasoning, the court fixed two years as the time limit in Benagh, Adm'r, v. Turrentine, Adm'r, supra, when the widow's quarantine rights should cease, after which her rights and duties touching the rents received should be the same as if dower had been assigned. The widow was allowed all the rents for the quarantine period of two years. Thereafter she was held to account, as administratrix, for two-thirds of the rents, and retain, by virtue of her dower right, one-third of the rents. The widow was held due to pay the taxes during the first two years, and entitled to no credit therefor on her accounting as administratrix. Thereafter she was allowed credit for two-thirds of the taxes, as paid on behalf of the estate. Dealing with the items for repairs, it was held, on like principles, they should be apportioned according to the benefits received, to be determined by the probate court.

In the case at bar the court below followed the principles laid down in Benagh, Adm'r, v. Turrentine, Adm'r, supra, in stating the account for rents received and taxes paid, and adopted the same apportionment as to items paid out for repairs and insurance. Mrs. Perkins, as widow, along with her quarantine and dower right, had a right of possession in the property in question as her homestead. This under section 4219, Code of 1907, which reads:

"When Widow and Minors Retain Possession of Homestead Incapable of Allotment.—When the homestead, after being reduced to its lowest practicable area, still exceeds two thousand dollars in value, and no exemption in lieu of homestead has been obtained, the widow and minor child or children, or either, may retain the possession of the homestead as thus reduced, free from the payment of rent, until the same shall be sold, or there is a division of

the lands of the decedent; and, in the event of a sale of such homestead in the course of administration, it shall be sold separately from the other lands of the decedent, if there be other."

[3] This statute has been adopted since the decision in Benagh, Adm'r, v. Turrentine, Adm'r, 60 Ala. 557, and was not there considered. Homestead laws should receive a liberal construction in furtherance of their purpose. Brooks v. Johns, Adm'r, 119 Ala. 412, 24 South. 345.

We first note that sections 4219, 4220, 4221, and 4222 all appear first in the Code of 1896. They relate to the same subject-matter.

The widow's right to hold possession, free from the payment of rent, continues until the same is sold, or the lands of decedent are divided. In the last clause it is provided that, if sold "in the course of administration," it must be sold separately. By section 4220 the administrator making the sale in course of administration is charged with the duty to invest $2,000 set apart from the proceeds of sale by order of the court as a homestead fund, in the purchase of a home for the widow, etc. Sections 4221 and 4222 carry administrative provisions to the end that a homestead of the value of $2,000 shall at all events be available for the widow or minor children, or both.

[4, 5] On the face of these statutes it appears there may be occasion to sell the property, incapable of division but of greater value than the homestead right, and that this sale shall be in course of administration—that is to say, by the administrator in the execution of the trust imposed by law. There are two occasions when the administrator is empowered to sell the lands of the decedent. One is for division among the heirs of the estate, when the lands cannot be equitably divided. In that case one or more adult heirs must become the actor by filing a written consent to the sale. Code 1907, § 2621. The other is when the personal property is insufficient to pay debts, and it is necessary to resort to the lands for that purpose. This duty is mandatory, part of the general duty to faithfully administer the estate. In this proceeding the administrator represents the creditors as opposed to the heirs or the "widow claiming to retain them until dower is assigned." Clark v. Knox, 70 Ala. 607, 622 (45 Am. Rep. 93). This does not mean he owes no duty to the heirs in the conduct of the sale and disposition of the proceeds. In that regard he is trustee for the heirs also. Their interest may be of greatest concern—as in the case of a solvent estate where they stand to lose most by any default of the administrator.

As long, however, as there are outstanding debts to be paid, and no personal property to pay them, it is his duty to intercept the rents and sell the lands, if need be, to pay creditors. He cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator.

[6] We cannot adopt a construction of section 4219 which would relieve the administrator of that duty because the real assets are bound up in the same indivisible piece of real estate with the widow's dower and homestead. Indeed, the manifest purpose of section 4219, and sections following, is to provide a means of severance of the homestead from the interest subject to administration and the payment of debts, and to save inviolate the homestead right which the law has given the widow. Nor can we hold that the right of possession is enlarged by these statutes, by the mere incident of the widow having become the administratrix. To do so would, in this case, grant her an estate for life in $6,500 worth of property, instead of $2,000, as the law declares.

We come back to the proposition laid down in Benagh, Adm'r, v. Turrentine, Adm'r, supra, and hold that, after a reasonable time to assign dower, or to sell the property in due course of administration, the lands governed by these statutes must be considered as held by the administratrix in her character as administratrix, in so far as in excess of the dower or homestead right—the widow being entitled to claim under her dower or homestead right as she may consider the larger estate.

[7] There was no error in the ruling of the court below touching the rents. The administratrix was properly chargeable with interest on the rents going to the husband's estate. In the belief that she had a right thereto, she had diverted them, or failed to apply them to the payment of the debts of the estate, as the law required.

[8] We find no error in charging her as administratrix with the items of taxes, repairs, and insurance with interest thereon. The effect was to have her contribute individually to these current charges during the long period of her possession in proportion to the income derived.

[9] There was a mortgage against this homestead property of $2,600 to $2,700, given by the decedent. This was an outstanding indebtedness against the estate. Mrs. Perkins paid the interest on this mortgage debt from year to year, and reduced the principal.

In stating the account she was charged as administratrix with the following items:

"Interest on mortgage on home place from 2/17/12 to 2/17/14 and one-third of such interest from 2/17/14 to 11/28/21, $716.47. Interest on interest paid on mortgage on home place 2/17/12 to 2/17/14, and on one-third of such interest 2/17/14 to 3/20/18, $306.02. One-third interest on mortgage on home place 6/2/21 to 11/28/21, $20.62."

The effect of these charges was to require the widow, individually, to contribute from the rents received under her quarantine and

homestead rights to carry the interest on this incumbrance.

"A life tenant of property subject to incumbrances must keep down the interest accruing on such incumbrances during the continuance of his estate, at least to the extent of the income or rental value of the property, unless other provision is made for its payment by the grantor. But this rule does not apply where there is a general charge of all the testator's debts on his real estate, in the event that the personal estate proves insufficient to pay them." 21 C. J. 958, and notes.

Both our quarantine and homestead statutes above mentioned declare that the widow shall have the possession free from the payment of rents. The general widow's exemption statute (Code 1907, § 4196), declares the homestead shall be exempt from administration and the payment of the debts of the decedent. This interest on the mortgage was simply a part of the mortgage debt, a debt of the decedent, a charge on all the assets of the estate subject to the payment of debt. True, the administratrix should have met this interest from the rents accruing to the estate, but her default in this regard is made good when she is charged in her account with interest on the rents which she should have held as administratrix. The court erred in charging the estate of Mrs. Perkins with each of the above items.

[10, 11] Mrs. Perkins, from time to time, under advice that she was entitled to the rents on the home place, appropriated to her own use several items, aggregating $1,960. The credits claimed for these items were properly disallowed. However the court below went further and charged her as follows:

"Interest on $1,960 used by administrator and which is charged back to her, $244.80."

In this the court erred. This charge of interest was evidently based on the correct principle that when the administrator diverts assets of the estate to his own use, he should be charged with interest thereon. But the court overlooked the fact that interest on these same funds had been charged in the accounting for rents. Interest on rents properly going to the husband's estate was allowed because of the devastavit; that is, because the administratrix had applied them to her use instead of paying the debts of the estate. The items representing this personal use of the funds were one and the same devastavit with that made good in accounting for the rents. This item of $244.80 therefore represents a double charge of interest on the same funds, and was improper.

[12] The commissions which should be allowed an administrator by way of compensation are within the sound judicial discretion of the court on final settlement, not exceeding the maximum fixed by statute. Code 1907, § 2690; Kenan v. Graham, Ex'r, 135

Ala. 585.[1] We find no error in the action of the court below in this regard, nor in the allowance of commissions paid to real estate agents by way of expenses.

[13-15] This settlement was made under section 2692, Code of 1907. Upon concluding the settlement, the court rendered a decree as follows:

"It is therefore ordered and decreed by the court that John R. Perkins, Jr., as administrator de bonis non of the estate of John R. Perkins, deceased, have and recover of A. M. Boyte, administrator of estate of Margaret B. Perkins, deceased, who was administratrix of the estate of John R. Perkins, deceased, the sum of two thousand nine hundred fifty-two and 48/100 ($2,952.48) dollars, the amount found to be due as above stated, for which execution may issue, and from the operation and effect of this decree there can be no claim of exemption as to personal property asserted."

The rendition of this decree against the administrator of the estate of the deceased administratrix for the amount due on settlement, and ordering execution thereon, are assigned as error.

"All judgments, orders, and decrees of the probate court against an executor or administrator, for the payment of money, may be enforced by execution, or by process of garnishment, which may issue in like cases and manner as it may issue on judgments in courts of law," etc. Code 1907, § 2812.

On return of "no property found," an execution shall issue against the administrator and the sureties on his bond. Code 1907, § 2813. When any judgment is rendered in the circuit court against any administrator, as such, and an execution thereon has been returned, "no property," an execution shall issue against the executor or administrator personally. Code 1907, § 2814.

No suit at law must be brought against an administrator, as such until six months after his appointment; and no judgment shall be rendered against him until twelve months after his appointment. Code 1907, § 2803. Meantime he should ascertain the condition of the estate, and may protect himself by suggesting a report of insolvency has been filed, causing a continuance until the issue of solvency vel non is determined in the probate court, and then by plea of insolvency cause the judgment to be certified to the probate court to take its course as other claims against an insolvent estate. Code 1907, § 2793 et seq.

By section 2796 an administrator may protect himself against execution or enforcement of one already issued by filing certified copy of decree of insolvency, etc. Section 2798 of the Code of 1907 provides that an administrator shall not be liable beyond the assets that have come to his hands. But how is this fact to be determined?

---

[1] 38 South. 699.

In Dangaix v. Lunsford, 112 Ala. 403, 20 South. 639, it was held that, unless the administrator protects himself by insolvency proceedings as above set out, the return of no property found belonging to the estate is conclusive of a devastavit on his part, and he becomes personally liable for the judgment at law.

It will be noted that in enforcing decrees in the probate court under sections 2812 and 2813 no provision is made for the administrator to protect himself and the sureties on his bond by insolvency proceedings. It must be further noted that the settlement here involved must be made within six months after his appointment. Code 1907, § 2692. This is in advance of the date given to ascertain the solvency vel non of the estate. Indeed, the result of the settlement may be necessary before he can ascertain whether the estate he represents is solvent or insolvent. Moreover, the essential nature of the settlement dictates that the administrator of the estate of the deceased administrator and his sureties should not be liable to execution on the decree rendered. The settlement is to ascertain what the estate of his intestate owes, growing out of the trust left unsettled. The decree is a claim against the estate of the decedent. It is given no preference over other debts of the decedent.

This brings us to a construction of section 2694 of the Code of 1907, which is intended to prescribe what decrees shall be rendered on settlements made under section 2692.

Section 2694 reads:

"If there remains any act of administration to be done, other than making settlement and distribution, or payment of legacies, and there is a remaining or succeeding executor or administrator, a decree must be rendered in his favor for the amount found due on such settlement, and for the delivery of any personal property in the hands of the executor or administrator whose authority has ceased, or, if dead, of his personal representative," etc.

This section is dealing with two distinct classes of cases. First, where an administrator has resigned or been removed, and is accounting for his own doings in the administration of his trust. In such case he and the sureties on his bond are responsible for the amount found due on the settlement. A decree for such amount goes against him as though he were making a final settlement of his trust. Then comes provision for delivery of any personal property which may be in the hands of the outgoing administrator, or, if dead, in the hands of his personal representative. This latter decree for the delivery of personal property in his hands applies to "his personal representative." The further provisions of the same section look to distribution of funds which come to the hands of the personal representative of the deceased administrator.

Applying this to the case in hand, it is contemplated that if any personal property of the estate of John R. Perkins, Sr., has come to the hands of A. M. Boyte, as administrator of the estate of Margaret B. Perkins, deceased, it is his duty to turn it over to John R. Perkins, Jr., the administrator de bonis non, and, failing so to do, the court should render a decree therefor on this settlement. But a decree against Mr. Boyte, directing execution against him as in section 2812, to be followed by an execution against his sureties, under section 2813, is not contemplated. The settlement relates to no maladministration on his part. He is not responsible for the sum found due from Mrs. Perkins' estate, except to pay it like other claims in due course of administration.

The final decree above set out should be corrected. This may be done by leaving out the clause, "for which let execution issue," and inserting "but no execution shall issue, and this decree shall stand as a valid and allowed claim against the estate of Margaret B. Perkins, deceased."

The decree of the court below is reversed, and the cause remanded, with directions to make the corrections in the account and decree shown in this opinion.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

BOULDIN, J. On appellee's application for rehearing, the point is made that in stating the account in the court below no interest was charged for two-thirds rents of the home place from and after the partial settlement in 1918. Hence it is argued there was no error in charging the item of $244.80 interest on the several items withdrawn by the widow for her use during the same period.

Further study of the record verifies the contention that, owing to the method of stating the account, interest on this portion of the rents was omitted. It does not affirmatively appear that the item of $244.80 exceeds the interest thus omitted.

The opinion will be modified in so far as it directs the striking out of the item of $244.80.

Opinion modified, and application overruled.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.