(135 So. 570)

## COMPTON v. SIMMONS.

### 2 Div. 970.

Supreme Court of Alabama.

June 27, 1931.

L. R. Wilson, of Demopolis, for appellant.

McKinley & McDaniel, of Linden, for appellee.

BOULDIN, J.

Appellee, C. L. Simmons, filed a bill for the partition of a tract of land, some 560 acres, among tenants in common. Complainant owned an undivided one-sixth interest, respondent Annie Edwards Carter one-sixth, and respondent B. Whitfield Compton four-sixths. .

In 1904 the property was conveyed by deed of H. C. Allen to Martha Edwards, Eddie Edwards, Florence Edwards, Bonnie Edwards, Annie Edwards, and Ella Edwards, each taking an undivided one-sixth interest. Some or all the grantees, except Martha, the mother, were then minors. In 1920, several having arrived at age, a parol partition was made, a county surveyor employed, who made a map showing the portion allotted to each. Possession was taken accordingly by such of the adults as desired so to do.

The partition remained tentative or executory, however, because of the minority of one or more of the children. No partition deeds

were made. In 1924 L. S. Compton purchased three shares, taking a deed to his son, B. Whitfield Compton. At the same time he negotiated for a fourth share, that of Ella Edwards, still a minor, and in 1925, on her arrival of age, she and her husband (Dial) executed the deed. These deeds call for an undivided one-half interest and an undivided one-sixth interest, respectively.

Of the other two shares one was still owned by Bonnie Edwards, married name Davis. Upon the partition she entered into possession of her parcel, and made permanent improvements thereon. In 1926 she sold and conveyed to complainant-appellee, Simmons. By this deed she undertook to convey the absolute title to the parcel allotted to her in the partition, but further conveyed any interest she might have in the entire tract.

The bill set forth the facts above outlined, alleged that a just and equitable partition could best be made by allotting to the present holders the several parcels laid off to their grantors respectively in the partition of 1920, and prayed partition accordingly.

Annie Edwards, now Carter, still owning her interest, by answer, consented to the partition as prayed.

Appellant, Compton, resisted partition in this manner as inequitable, and further alleged in answer that the property could not be equitably divided without a sale for that purpose.

The trial court heard the testimony orally and decreed partition as prayed in the bill.

■ Without question the court had power to make partition in this way, without the intervention of commissioners; and, if equitable in result, was a proper course. Code, § 9335.

Appellant complains in brief of want of proof that the property could be equitably partitioned without a sale.

■ It is too well settled to require citation of authority that partition is matter of right. This means a partition in kind, unless it affirmatively appears the property cannot be equitably divided, and resort to sale as an alternative method is necessary. The burden of proof is on him who asserts an equitable division cannot be made in kind. The burden of proof, however, was on complainant to prove the allegations of his bill as a basis for the special manner of partition prayed.

The trial court recognized an equity in Bonnie Edwards Davis to have allotted to her the portion laid off to her in the attempted partition, followed by possession and permanent improvement thereon made in good faith. He further found that appellant, through his father, the real purchaser, had knowledge, not only of the partition and possession, but also of the permanent improvements made by her at the time of his purchase. In other words, that appellant had notice of her said equity. He further held that appellee succeeded to this equity by the conveyance from Bonnie Edwards Davis.

Appellant challenges the sufficiency of the evidence to show equality of value at the time of the partition, and argues that the oral partition never became effective; but was in effect disaffirmed when the last minor became of age and deeded an undivided one-sixth.

The validity of the parol partition in law or in equity is not essential to the asserted equity of Bonnie Edwards to have the benefit of her improvements on final partition. The only requirement is that they shall be made in good faith, meaning for the honest purpose of improving the property, not to embarrass the cotenants, or incumber their estate, nor hinder partition.

■ If Mr. Compton had notice of this equity at the time of his purchase, the deed from Bonnie Edwards Davis, not to an undivided one-sixth merely, but undertaking to convey an absolute title to such parcel, would clearly pass to Mr. Simmons the same equity arising from the improvements. Each would stand in like position with his respective grantor or grantors. Ferris v. Montgomery Land & Improvement Co., 94 Ala. 557, 10 So. 607, 33 Am. St. Rep. 146; Porter v. Henderson, 203 Ala. 312, 320, 82 So. 668; 47 C. J. p. 471, § 503.

Appellant was awarded his proportionate acreage in one convenient body. Improvements made by his predecessor, as well as by him, are included. The evidence supports the finding of proportionate value; and that the partition decreed is in all things equitable.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.