139 So.2d 604

**C. H. GILMORE, Administrator,**

**v.**

**Clifford ROBERSON et al.**

**4 Div. 86.**

Supreme Court of Alabama.

March 22, 1962.

J. Theodore Jackson, Dothan, for appellees.

C. R. Lewis, Dothan, for appellant.

LAWSON, Justice.

Emma Roberson died intestate on or about April 14, 1959, seized and possessed of twenty-one acres of land in Houston County, where she had resided.

She was survived by a son, Clifford; by a daughter, Mrs. McGinty; and by four grandchildren, children of a deceased

daughter. The son and daughter are residents of Houston County. The grandchildren are all nonresidents.

During the last part of October and the first few days of November, 1959, C. H. Gilmore, who owns land adjacent to the Roberson land, acquired quitclaim deeds from the grandchildren, whereby he became the owner of an undivided one-third interest in the Roberson land.

On November 10, 1959, C. H. Gilmore, who is not related to the Robersons, paid to Ward-Wilson Funeral Home in Dothan the sum of $389.38, which Ward-Wilson claimed was the balance due it for services rendered in connection with Mrs. Roberson's funeral. Contemporaneously with that payment, Ward-Wilson assigned to C. H. Gilmore its claim against the estate of Mrs. Roberson, "together with all of its right of action, lien, and any other right it might have to enforce said claim against the estate of Mrs. Emma Robinson [sic], and any other person."

On the same day, November 10, 1959, C. H. Gilmore filed in the Probate Court of Houston County his application for appointment as administrator of the estate of Emma Roberson, deceased, wherein he alleged that he was the "largest creditor" of the estate. He was immediately appointed administrator and on the same day, November 10, 1959, he filed a claim against the estate in the amount of $389.38.

On November 14, 1959, the administration of the estate of Emma Roberson, deceased, was removed to the Equity Court of Houston County on the application of C. H. Gilmore.

Thereafter, on November 17, 1959, C. H. Gilmore filed his petition in the equity court wherein he prayed that the twenty-one acres of land of which Emma Roberson had died seized and possessed be sold for the purpose of paying the debts of the decedent.

Clifford Roberson and Mrs. McGinty filed an answer to Gilmore's petition to have the land sold for payment of debts, wherein they did not deny the averment of that petition to the effect that the personal property of the decedent was insufficient to pay her debts and funeral expenses. However, they averred in their answer, in effect, that it was not necessary to sell the land for the purpose of paying the debts and funeral expenses and tendered to the register the sum of $332.11, the sum alleged to be still due on the Ward-Wilson claim, which had been assigned to Gilmore. In their answer Clifford Roberson and Mrs. McGinty averred that they had paid the other debts owed by their mother at the time of her death, including taxes on the suit property.

Clifford Roberson and Mrs. McGinty made their answer a cross bill, wherein they prayed among other things that the twenty-one acres of land be divided in kind and for an accounting. In the alternative, they prayed that the land be sold for division if the court should decree that it could not be equitably divided in kind.

After C. H. Gilmore filed his answer to the cross bill, testimony was taken before a commissioner.

Following submission for final decree, the trial court decreed that C. H. Gilmore, as administrator of the estate of Emma Roberson, deceased, was not entitled to have the land sold for payment of debts as prayed for in his petition and further decreed that Clifford Roberson and Mrs. McGinty were entitled to relief under their cross bill and divided the twenty-one acres of land into three separate and distinct tracts, awarding Tract A to C. H. Gilmore, Tract B to Clifford Roberson and Tract C to Mrs. McGinty. The trial court further decreed that C. H. Gilmore was entitled to be paid the sum of $257.43 from the funds paid to the register by Clifford Roberson and Mrs. McGinty in satisfaction of the claim assigned to him by Ward-Wilson Funeral Home.

From that decree C. H. Gilmore has appealed to this court.

The right of C. H. Gilmore to administer the estate of Emma Roberson did not rest on the assignment taken by him from Ward-Wilson Funeral Home. By failing to apply for letters of administration within forty days after the death of intestate, persons entitled to the administration according to the first three subdivisions of § 81, Title 61, Code 1940, as amended, waived all rights of preference to the issuance of letters of administration and the appointment of Gilmore as administrator was justified under subdiv. 4 of § 81, supra, which reads: "Such other person as the judge of probate may appoint."

Emma Roberson left no personal estate of any substantial value. Section 244, Title 61, Code 1940, provides: "In case of intestacy, lands may be sold by the administrator for the payment of debts, when the personal estate is insufficient therefor." We have said: "When there are debts of an estate and the personalty is insufficient to satisfy said debts, it is mandatory that the administrator sell the lands of the estate to pay said debts."—Smith v. Smith, 266 Ala. 118, 124, 94 So.2d 863, 868. The administrator cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator.—Boyte v. Perkins, 211 Ala. 130, 99 So. 652.

But under the circumstances of this case, we are unwilling to say that the trial court erred in not decreeing the sale of the subject lands for payment of the debts of the intestate. There was no necessity for such a sale. At the time of the submission of the cause for final decree, the appellees, a son and a daughter of the intestate, had paid all that their mother owed at the time of her death, the staggering sum of $76.41. They did not want reimbursement from their mother's estate.

The only other claim against the estate was the funeral home bill, which Gilmore purchased in an effort to acquire all of the suit property.—Kennedy v. Parks, 217 Ala. 323, 116 So. 161. Appellees deposited with the register, prior to trial, more than enough to pay Gilmore the amount still due him, including interest, and such payment was ordered by the trial court.

Gilmore was not entitled to be reimbursed for that part of the funeral home bill which was based on the furnishing of an "extra vault lid for another grave." That item was not a charge against the estate of Emma Roberson. The record does not disclose who authorized the funeral home to furnish the "extra vault lid."

It is clear from this record that no administration of the estate of Emma Roberson would have been necessary had not Gilmore intervened. His motive is crystal clear. He wanted to get his hands on all of the lands of which Emma Roberson died seized and possessed.

To decree a sale of the land under the circumstances here presented would be unconscionable. It is no part of the policy of our laws concerning the administration of estates to encourage unnecessary and oppressive interference with the rights of heirs and the courts should not allow such laws to be so used.—Owens v. Childs, 58 Ala. 113.

In regard to the sale of lands for payment of debts, an administrator or executor has only a bare power over the lands. While by no act of the heir or devisee can the power be frustrated, the existence of the power itself depends upon the existence of the necessity for its exercise—the payment of debts of the testator or intestate. When the necessity does not exist, as where the heirs are willing to pay all of the debts or charges against the estate, it would be unconscionable to allow the personal representative to disturb the possession of the heir or of the devisee or of the alienee of the one or of the other. A just and prudent personal representative

**234**

would not assert the power. See Lee's Adm'r v. Downey, 68 Ala. 98.

■ We hold that the trial court did not err in refusing to order the land sold for payment of debts as sought by the administrator, Gilmore, in his petition.

The appellant contends in brief that the trial court erred in ordering the land divided in kind and in not declaring that it be sold for division of proceeds among the tenants in common. Appellant insists that there is a want of proof that the property could be equitably partitioned without a sale.

In Compton v. Simmons, 223 Ala. 352, 353, 135 So. 570, 571, we said:

> "It is too well settled to require citation of authority that partition is matter of right. This means a partition in kind, unless it affirmatively appears the property cannot be equitably divided, and resort to sale as an alternative method is necessary. The burden of proof is on him who asserts an equitable division cannot be made in kind. The burden of proof, however, was on complainant to prove the allegations of his bill as a basis for the special manner of partition prayed."

■ We cannot take judicial cognizance of the fact that partition in kind is impossible simply because the land involved consists of only twenty-one acres.

All of the land has been under cultivation except approximately two acres in Tract C, which was awarded to the appellee Mrs. McGinty.

■ Appellant was awarded his proportionate acreage in one body adjacent to other lands owned by him. From the land awarded to him he has access to a public road through his other land. The evidence, in our opinion, fully supports the finding of proportionate value and that the partition decreed is in all things equitable.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL, J., concur.

COLEMAN, J., concurs in the result.