325 So.2d 155

**Jessie Louise McCORD**

**v.**

**Dennis E. STEPHENS, as Administrator, etc., et al.**

**SC 1213.**

Supreme Court of Alabama.

Dec. 18, 1975.

Jesse W. Shotts, Birmingham, for appellant.

Rogers, Howard, Redden & Mills, Birmingham, for appellees.

FAULKNER, Justice.

This is an appeal from an order of the Circuit Court of Jefferson County, denying Jessie Louise McCord's petition for removing Dennis E. Stephens as administrator of the estate of Walter Woodrow McCord. We affirm.

No transcript of the evidence having been filed, we consider only the transcript of the record proper, showing the petition, its amendment, and the court's order.

Walter Woodrow McCord died on October 14, 1973, and Dennis Stephens was appointed administrator of the estate on October 29.

■ The thrust of the petition is that, when letters of administration were issued to Stephens, appointing him administrator, Jessie McCord, the widow, with first priority, was under an incapacity to serve because she faced criminal charges. She was acquitted on December 19, 1974, and now she says she is competent to assume her priority. She prays for the removal of Stephens, and her appointment.

Section 81, Title 61 Code of Alabama, gives the husband or widow first priority to serve as administrator of an intestate estate. But, under § 83, Title 61, this priority must be claimed by applying for letters of administration within 40 days after the death of the intestate. By her failure to apply within the 40-day period after the death of the intestate, Ms. McCord waived her preferential right to be issued letters of administration. *Stanley v. Stanley,* 202 Ala. 661, 81 So. 617 (1919); *Gilmore v. Roberson,* 273 Ala. 230, 139 So.2d 604 (1962).

The petition for removal does not allege Stephens is unfit or disqualified. This court said in *Starlin v. Love,* 237 Ala. 38, 185 So. 380 (1938):

"While the court has an inherent right to revoke letters, that right is within the limit of certain bounds, and must be for cause. . . . It can only be done when some other person has a prior right either under a will or the law, and has not waived that right and is seeking to enforce it, or when the person appointed is unfit or disqualified."

II

■ Ms. McCord challenges the constitutionality of § 84, Title 61, Code of Alabama, by her amended petition on the

ground "men are to be preferred to women." Section § 84 provides:

"If several persons of the same degree of kindred to the intestate, computed by the rules of the civil law, are entitled to the administration, men are to be preferred to women, and the whole blood to the half blood; and when several persons are equally entitled thereto, the court may, in its discretion, grant letters to one or more of them; and when a married woman is entitled thereto, it may be granted to her husband in her right."

To question the constitutionality of a statute, a person must have some right specifically affected by it. *Smith v. Potts,* 293 Ala. 419, 304 So.2d 578 (1974).

There is no contest here between two persons as to who is the more suitable to be appointed administrator. Ms. McCord, by having waived her preferential right to be appointed, has no standing to raise the constitutionality of the statute.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.