STEAGALL, Justice.
Shirley P. Williams, plaintiff, appeals the denial by the Pike County Circuit Court of her petition for revocation of letters of *501 administration issued to Annie Ruth Tol-bert, a former wife of John W. Williams, as administratrix of his estate. Williams, the widow of John W. Williams, urges her own appointment as administratrix and the revocation of Tolbert’s letters of administration. We affirm.
John Williams died on August 28, 1986, and Tolbert filed a petition for letters of administration on October 10, 1986, which was granted the same day by the Pike County Probate Court. Five days later, Tolbert filed an affidavit in which she claimed the deceased owed her $12,460 in back child support. Williams filed her petition for revocation of Tolbert’s letters on December 5,1986, claiming that she, as the deceased’s widow, had priority over Tolbert even though she failed to file her own petition for letters of administration within the required 40-day limit prescribed by Ala. Code (1975), § 43-2-43. The case was removed to circuit court on January 22, 1987, and Williams’s petition for revocation was denied on April 9, 1987.
The applicable statute establishing priority for the grant of letters of administration of a deceased’s estate is Ala. Code (1975), § 43-2-42:
“(a) Administration of an intestate’s estate must be granted to some one of the persons herein named if willing to accept and satisfactory to serve in the following order.
“(1) The husband or widow.
“(2) The next of kin entitled to share in the distribution of the estate.
“(3) The largest creditor of the estate residing in this state.
“(4) Such other person as the judge of probate may appoint.”
Under this section, Williams, as the decedent’s widow, clearly had priority over Tol-bert, who is the estate’s largest creditor. However, Williams failed to file her petition for letters of administration within 40 days of her husband’s death and, thus, is deemed to have waived or relinquished her right to administration, under § 43-2-43. Gillilan v. Gillilan, 483 So.2d 401 (Ala. 1986); McCord v. Stephens, 295 Ala. 162, 325 So.2d 155 (1975); Starlin v. Love, 237 Ala. 38, 185 So. 380 (1938); Murphy v. Freeman, 220 Ala. 634, 127 So. 199 (1930); Garrett v. Harrison, 201 Ala. 186, 77 So. 712 (1918). “After the lapse of this statutory period no one has a right to claim any priority or preferences to such appointment, those entitled being declared by the statute expressly to have ‘relinquished their right to the administration,’ by having failed to apply for it.” Markland v. Albes, 81 Ala. 433, 2 So. 123 (1886) (citations omitted).
Williams claims that she should nonetheless have priority as the decedent’s widow because Tolbert also failed to petition within 40 days of the decedent’s death. Gilmore v. Roberson, 273 Ala. 230, 139 So.2d 604 (1962), involved a creditor of an estate who applied after the 40-day deadline and was appointed administrator to the exclusion of the deceased’s son and daughter. In upholding the creditor’s appointment, the Court stated it was not his status as creditor that established his right to administer the estate but rather the son and daughter’s failure to assert their preferential right within 40 days of their mother’s death. The Court emphasized that his appointment was justified under what is now subsection 4 of § 43-2-42(a): “Such other person as the judge of probate may appoint.” Gilmore v. Roberson, 273 Ala. at 233, 139 So.2d at 606.
“The time having expired ... for the appointment of anyone having a better right to letters of administration [than Tol-bert], ... all intendments must be indulged in the fitness” of Tolbert to administer the estate of John Williams. Childs v. Davis, 172 Ala. 266, 269, 55 So. 540 (1911). If Tolbert is unfit to serve, for whatever reason, it would be proper to remove her on that basis; but it is not proper to revoke her letters so as to give effect to a preference when the person holding the preference has waived it. Childs v. Davis, 172 Ala. at 269, 55 So. at 540; McCord v. Stephens, 295 Ala. at 163, 325 So.2d at 156.
In keeping with Gilmore v. Roberson and with § 43-2-42, we hold that the probate court’s appointment of Tolbert as ad-ministratrix and the circuit court’s denial of *502 the petition to revoke that appointment were both proper.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.