*198
On Application for Rehearing

MURDOCK, Judge.
This court’s original opinion of January 11, 2002, is -withdrawn, and the following is substituted therefor.
This appeal concerns the estate of James Michael Thompson, Sr. (“the decedent”), who died intestate on May 24,1998. On September 1, 1998, Dayna M. Case petitioned the Baldwin County Probate Court for letters of administration; Case averred that she had been the common-law wife of the decedent, and she identified herself, the decedent’s six children, the decedent’s four siblings, and his surviving mother as potential heirs of the decedent. Consistent with Alabama’s Probate Code, §§ 43-2-1 et seq., Ala.Code 1975, the probate court, on October 26, 1998, issued letters of administration to Case; the other potential heirs were not given advance notice of Case’s petition for letters of administration. In February 1999, Case filed an inventory of the estate; that inventory was amended in March 1999.
Sheryl Lynn Fretwell, one of the sisters of the decedent, filed what she styled a “Counter-Petition” in the probate court on March 25, 1999, seeking the revocation of the letters of administration that had been issued to Case and the issuance of new letters of administration to Fretwell. In her counter-petition, Fretwell alleged that Case had not been the common-law wife of the decedent and that she had procured the letters of administration by fraudulent means. Case moved to dismiss or to strike the counter-petition; citing Ala. Code 1975, § 43-2^43(b), Case asserted that Fretwell had waived any right she might have had to administer the estate because she had failed to apply for letters of administration within 40 days of the decedent’s death. The probate court granted Case’s motion to dismiss or to strike on April 22,1999.
On May 6, 1999, three of the decedent’s children, James Michael Thompson, Jr., Chastity Coleman, and Eric Shane (“the heirs”), along with Fretwell, filed a petition to remove the administration of the decedent’s estate to the Baldwin County Circuit Court. Fretwell and the heirs also moved for a preliminary injunction preventing Case from using a vehicle that had been owned by the decedent; they also filed a “Complaint” requesting that Case be declared not to have been the common-law wife of the decedent and that she be removed as administratrix based upon her having allegedly committed waste of the assets of the decedent’s estate and having allegedly fraudulently misrepresented that she had been the decedent’s wife. The circuit court granted the removal petition and entered the preliminary injunction.
Case filed a motion to dismiss the “Complaint” filed by Fretwell and the heirs, primarily contending that Fretwell’s previous challenge to Case’s appointment had been rejected by the probate court and should not be permitted in the circuit court. Case also moved to dissolve the preliminary injunction because no bond had been ordered or posted. On March 22, 2000, the circuit judge who had been assigned the case recused himself, citing his personal knowledge of the parties and the potential heirs, and the case was assigned to another judge. Case then answered the complaint and filed a motion to dismiss, arguing that the heirs lacked standing, that the probate court’s April 22, 1999, order had not been appealed, and that that order was entitled to “full faith and credit” in the circuit court. On November 14, 2000, the circuit court granted Case’s motion to dismiss.
*199 The heirs[1] appealed to the Alabama Supreme Court from the circuit court’s judgment granting Case’s motion to dismiss. The appeal was transferred to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Among other things, the heirs argue on appeal that the “Complaint” they filed in the circuit court was proper and timely under Alabama’s Probate Code. They point to Ala.Code 1975, § 43-2-290, which provides that “[a]n administrator ... may be removed and his letters revoked” on several bases, including “when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate” and “[t]he wasting, embezzlement or any other maladministration of the estate.” In response, Case urges this court to affirm the trial court’s judgment on the ground that, under Ala.Code 1975, § 43-2-43(b), the heirs relinquished their right to serve as administrators or admin-istratrices because their effort to remove her as administratrix came after the expiration of the 40-day period prescribed in that statute. Section 43-2^13 states:
“If no person entitled to the administration of the estate, according to the first three subdivisions of subsections (a) or (b) of section 43-2-42[ 2], applies for letters within 40 days after the death of the intestate is known, the persons so entitled must be held to have relinquished their right to the administration.”
Although § 43-2-43(b) does state that persons accorded a priority right to administer an estate under § 43-2^42(a)(l) through (a)(3), Ala.Code 1975, relinquish “their right to the administration” if they do not apply for letters of administration within 40 days after the death of a decedent-is known, this language has consistently been interpreted to mean only that such persons relinquish their priority under § 43-2-42(a)(l) through (a)(3). See Williams v. Tolbert, 519 So.2d 500 (Ala.1988); Gilmore v. Roberson, 273 Ala. 230, 139 So.2d 604 (1962).[3] Neither Curtis v. Burt, 34 Ala. 729 (1859), nor Starlin v. Love, 237 Ala. 38, 185 So. 380 (1938), support Case’s argument; those cases merely provide that one who holds a priority right to appointment may not assert that priority as a ground to remove a duly appointed administrator or administratrix, unless the person holding the priority right applied for letters of administration within the 40-day time limit proscribed by § 43-2-43(b).
Moreover, nothing in § 43-2-43(b) deprives an interested party of the right to seek the removal of an administrator or administratrix on the grounds set forth in Ala.Code 1975, § 43-2-290. See, e.g., Williams, 519 So.2d at 501 (“If [the admin-istratrix] is unfit to serve, for whatever *200 reason, it would be proper to remove her on that basis, but it is not proper to revoke her letters so as to give effect to a preference when the person holding the preference has waived it.”). We note that the heirs have alleged grounds for removal that arguably qualify under § 43-2-290, including fraud and waste of the assets of the estate.[4]
Case also argues that the “appeal” of this case from probate court to circuit court failed to comply with the time restrictions imposed by Ala.Code 1975, § 12-22-21(2). However, the heirs did not appeal to the circuit court under § 12-22-21(2). The heirs removed this case from the probate court to the circuit court under Ala.Code 1975, § 12-11-41, and filed their complaint for a declaratory judgment, revocation of Case’s letters of administration, and removal of Case as the administratrix. The 42-day time limit set forth in § 12-22-21(2) is inapplicable.
Case also argues that the “Complaint” in which the heirs requested that the circuit court remove Case as adminis-tratrix was not verified by oath as required by § 43-2-293. We note, however, that this issue was not one of the grounds for dismissal asserted in Case’s motion to dismiss. Instead, that motion asserted only grounds of standing, timeliness and related issues that, to the extent they merit discussion, are addressed elsewhere in this opinion. It is that motion that the trial court granted in the order that is the subject of this appeal.[5] The issue of verification, therefore, is one that has not yet been addressed by the trial court; nor is it a jurisdictional defect.[6] It is an issue that, if it is to be addressed, should be addressed in the first instance by the trial court.
Upon removal, the heirs sought a determination by the circuit court as to (1) whether Case was indeed the common-law wife of the deceased, and (2) whether Case had committed waste on or before the heirs’ filing. A determination in this regard that is binding upon the heirs has never been made.[7] The heirs’ declaratory-judgment action did not constitute an untimely appeal and was not due to be dismissed. For the foregoing reasons, we reverse the judgment of the circuit court dismissing the heirs’ petition and remand the cause for further proceedings.
The appellee’s request for an attorney fee on appeal is denied.
*201 OPINION OF JANUARY 11, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
PITTMAN, J., dissents.

. Fretwell died during the pendency of the proceedings in the circuit court; neither she nor her estate is a party to this appeal.

. The first three subdivisions of § 43-2-42(a) and (b) provide that the probate court must appoint, as administrator or administratrix, the decedent's (1) surviving spouse, (2) next of kin entitled to share in the distribution of the . estate, (3) largest creditor, or (4) (in counties with a population greater than or equal to 400,000) the county or general administrator, if those persons are willing to serve and are satisfactory.

. After the 40-day time limit has expired, a person who otherwise would have had a priority right to appointment may still be appointed to administer an estate under § 43-2-42(a)(4) as "such other person as the judge of probate may appoint.” See Gilmore, supra. In fact, the record reflects that Case herself applied for letters of administration in this case on September 1, 1998, more than 40 days after the decedent's death on May 24, 1998.

. We note that the probate court merely granted Case’s motion to dismiss the petition seeking removal; the court never ruled on the substantive merits of the heirs' claims of fraud and waste.

. The trial court issued no opinion in connection with the order; the order consisted of a short entry on the case action summary sheet that reads: "Motion to Dismiss Claims and Complaints of Petitioners, granted.”

. We note the following with respect to pleadings in federal courts:
"Even if a federal rule or statute requires verification, a failure to comply does not render the document fatally defective. Thus, the filing of an unverified complaint effectively will commence an action under Rule 3 and toll the statute of limitations.... Imperfect verification of a pleading may be corrected by amendment under Rule 15[, Fed.R.Civ.P.,] and is not a jurisdictional defect.”
5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1339 (2d ed.1990).

. The heirs were not parties to the proceeding in which the probate court appointed the alleged common-law wife as administratrix. Therefore, any factual finding by the probate court in that proceeding that the administra-trix was the common-law wife of the decedent is not binding on the heirs. White v. Hill, 176 Ala. 480, 58 So. 444 (1912).