MADDOX, Justice.
Thomas R. Townsend III was convicted of violating an ordinance of the City of Mobile. He appealed. The Court of Criminal Appeals remanded the case with instructions. Townsend v. City of Mobile, 793 So.2d 828 (Ala.Crim.App.1998). On return to the remand, that court, on May 28, 1999, affirmed the conviction. We granted Townsend’s petition for certiorari in order to review a single issue: Can a municipality charging the violation of a city ordinance establish a prima facie case without proving the provisions of the entire ordinance? We hold that it cannot; therefore, we reverse the judgment of the Court of Criminal Appeals and remand.

Facts and Procedural History

Townsend was employed as a sales representative for Garland Company, an Ohio corporation that manufactures waterproofing, flooring, and roofing materials. His sales territory included the Mobile area, the Florida Panhandle, and the Mississippi Gulf Coast.
The City of Mobile, under the provisions of Ordinance No. 34-082, requires that a person obtain a business license before conducting any business activity within the Mobile city limits. Townsend did not obtain a license for the year 1997; the city prosecuted him for violating the ordinance. The Mobile Municipal Court found him guilty. That court fined him $200, plus court costs, and sentenced him to 30 days in jail, but suspended the sentence and placed him on one year’s probation. *837 Townsend appealed his conviction to the Mobile Circuit Court for a trial de novo.
During his trial in the circuit court, the city prosecutor introduced into evidence only a portion of Ordinance No. 34-082. Townsend moved for a judgment of acquittal, challenging the sufficiency of the evidence presented. The trial court denied the motion and found Townsend guilty. Townsend was fined $200, plus court costs.
Townsend appealed to the Court of Criminal Appeals, arguing that the City had failed to prove a prima facie case against him by not introducing the entire ordinance. He also argued that the ordinance was unconstitutional. The Court of Criminal Appeals held that the City’s failure to introduce the entire municipal ordinance into evidence was harmless error because, it held, the City introduced into evidence enough of the ordinance to show the violation alleged and penalties applicable to Townsend’s violation. Townsend v. City of Mobile, 793 So.2d at 830. That court, however, remanded the case for the trial court to develop a more complete record regarding the facts relating to Townsend’s constitutional claim. On the trial court’s return to the remand, the Court of Criminal Appeals affirmed Townsend’s conviction.
This Court granted Townsend’s certiora-ri petition in order to review the Court of Criminal Appeals’ holding that the City’s failure to prove the entire ordinance was harmless error.

Discussion

In affirming Townsend’s conviction for violating Ordinance No. 34-082 despite the City’s failure to offer into evidence the entire ordinance, the Court of Criminal Appeals stated:
“[T]he City of Mobile admitted enough of the ordinance to define the crime of which [Townsend] is accused and to set out the penalties.... Therefore, any omissions from the ordinance as it was admitted into evidence were harmless.”
793 So.2d at 830. This holding seems to suggest that court believed the law requires only that the defendant have notice of the charge for which he is being tried- and that if that requirement is met then the entire ordinance need not be admitted into evidence.
In Ex parte Maxwell, 439 So.2d 715 (Ala.1983), another case arising out of an alleged violation of a Mobile city ordinance, this Court stated:
“[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874 (1924); Jacobs v. City of Prichard, 46 Ala.App. 497, 243 So.2d 769 (1971); Thompson v. City of Sylacauga, 30 Ala.App. 72, 200 So. 795 (1941). And it has been held [that] when the city does not introduce the ordinance into evidence, it has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction. Jacobs v. City of Prichard, supra; Felder v. City of Huntsville, 42 AlaApp. 488, 168 So.2d 490 (1964); Thompson v. City of Sylacauga, supra.”
439 So.2d at 716.
A municipal prosecutor, in pleading and proving a criminal case, necessarily has the burden of pleading and proving the entire ordinance under which the defendant is being prosecuted, because only the entire ordinance accurately reflects the will of the governing body that approved it. To offer into evidence less than the entire ordinance — in this case the City concedes it presented a copy that was less than complete- — defeats the purpose of the requirement stated in Maxwell, which is to have the prosecuting authority prove the *838 existence of the law under which the defendant is being prosecuted. While introducing into evidence portions of an ordinance would certainly demonstrate that the ordinance does, in fact, exist, it is well settled that a municipality charging the violation of an ordinance must plead and prove the entire ordinance.
By failing to plead and prove Ordinance No. 34-082 in its entirety, the City failed to establish a prima facie case of the violations. Because the failure to prove a prima facie case can never be considered harmless error under any analysis, we reverse the judgment of the Court of Criminal Appeals and remand this case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
BROWN, J.,* recuses herself.