On May 1, 2003, Earnest Land Boyd, a convicted sex offender, was indicted for violating the Community Notification Act ("CNA"). Count 1 of the indictment charged Boyd with knowingly establishing a residence or accepting employment within 2,000 feet of a school or child-care facility, a violation of §15-20-26(a), Ala. Code 1975. Count 2 charged him with knowingly establishing a residence within 1,000 feet of the residence of his former victim or his former victim's family, a violation of *Page 719 
§ 15-20-26(b), Ala. Code 1975. Count 3 charged him with intentionally failing to give notice, at least 30 days prior to moving, of his intent to transfer his residence, a violation of § 15-20-23(a), Ala. Code 1975. Pursuant to an agreement with the State, Boyd pleaded guilty to Counts 1 and 2, and Count 3 was dismissed. Before entering his guilty plea, Boyd reserved the right to challenge on appeal the constitutionality and applicability of § 15-20-26. The trial court sentenced Boyd, as a habitual offender with two prior felony convictions, to concurrent sentences of 10 years' imprisonment.
The State offered the following factual basis for Boyd's guilty plea: Boyd was convicted of first-degree sexual abuse in 1995. In June, 2002, Sgt. Greene, a Tuscaloosa police officer, contacted Boyd and explained the provisions of the CNA and how it applied to Boyd. On November 7, 2002, Boyd accepted employment at Planit Solutions, a business that was located within 2,000 feet of Skyland Baptist Day Care and/or Sherwood Forest Child Care and Learning Center in Tuscaloosa. He began work at Planit Solutions on November 11, 2002. Boyd's employer found out that Boyd was a sex offender and that the location of the business in relation to the child care facility precluded Boyd's employment there; Boyd's employment was terminated. At that time, Boyd was residing at 4653 31st Avenue East in Tuscaloosa. The household included Boyd's victim, E., "at one point." The household included E.'s mother, Nancy Boyd, and E.'s half brother "at all times."
 I.
The State contends that, pursuant to § 6-6-227, Ala. Code 1975, this appeal should be dismissed because the attorney general was not served with a copy of the proceeding or given an opportunity to be heard in the trial court regarding Boyd's challenge to the constitutionality of the CNA. However, this court held in Townsend v. City of Mobile,793 So.2d 828 (Ala.Crim.App. 1998), rev'd on other grounds, 793 So.2d 835
(Ala. 2000), that § 6-6-227 is a civil provision which is inapplicable in criminal proceedings.
The State also contends that Boyd's arguments regarding mistake of law and fundamental rights should be rejected because, the State says, they were not first presented in circuit court. This contention is not supported by the record. At the plea hearing, Boyd's counsel reserved the issues of "ex post facto application of this specific statute in this specific case; also[,] issues of procedural due process in terms of complying with this[;] double jeopardy under the Constitution[;] mistake of law[;] as well as fundamental fairness."
 II.
Boyd contends that, under the circumstances of this case, §15-20-26, Ala. Code 1975, violates the ex post facto clauses of the federal and Alabama Constitutions. He argues on appeal that the statute operates on him in an excessively punitive manner because he has been barred by the residency restrictions from residing with his own wife in his own home; he has lost at least one job as a result of the community notification provisions; and he has been unreasonably restricted in where he can work. He argues that there is "virtually no location" in Tuscaloosa County where he is eligible to live and "practically no business" in Tuscaloosa County where he can work without running afoul of the CNA.
In Lee v. State, 895 So.2d 1038 (Ala.Crim.App. 2004), this court held that the residency requirement of the CNA did not violate the ex post facto clause because it was nonpunitive both on its face and in *Page 720 
terms of its effects. With regard to the effects of the statute, we noted that there were no factual bases for Lee's claims of banishment and homelessness because he did not present any evidence indicating that he or any other sex offender was homeless or had been banished. A similar lack of evidence exists in the present case.
At the plea hearing, Boyd failed to offer any evidence that he was married to Nancy Boyd or that the residence he was living in at 4653 31st Avenue East was his. He also failed to offer any evidence regarding the reason his employment at Planit Solutions had been terminated or any evidence indicating that he had been restricted from taking another job. The State's proffer did not indicate how Boyd's employer at Planit Solutions learned of Boyd's sex-offender status or the reason that Boyd's employment at Planit Solutions was terminated.[1] Therefore, there is no factual basis for Boyd's claim that the CNA was punitive in its effects.
 III.
The appellant contends that, in violating the Adult Criminal Sex Offender Act, he made an excusable mistake of law. He argues on appeal that he relied on the law "as it was when he was convicted," on the representations of that law made by law-enforcement officials, and on the fact that no law-enforcement agency had informed him of his new obligations or had provided him the forms needed for compliance.
Section 13A-2-6(b), Ala. Code 1975, provides:
 "A person is not relieved of criminal liability for conduct because he engages in that conduct under a mistaken belief that it does not, as a matter of law, constitute an offense, unless his mistaken belief is founded upon an official statement of the law contained in a statute or the latest judicial decision of the highest state or federal court which has decided on the matter."
The Commentary to § 13A-2-6 explains that "[s]ubsection (b) codifies the universally accepted principal that generally ignorance or mistake of law is no defense."
Boyd's claim of mistake is not supported by the record. At the plea hearing, the trial court asked if Boyd agreed that he had been notified regarding the CNA in 2002 by Sgt. Greene. Boyd's counsel responded: "Yes, we will concede that the State can show that there was contact with Mr. Green[e] and Mr. Boyd and that he told him about the act at that point." In her proffer, the prosecutor stated that Greene would testify that he met with Boyd on June 10, 2002; that he went over the sex-offender-notification form with Boyd; and that he explained the information it contained. There is no factual basis for Boyd's claim that, at the time these offenses occurred in November of 2002, he was mistaken regarding the current law.
 IV.
Boyd contends that punishing him for "residing with his wife" imposes an unnecessary burden on the fundamental rights to live with immediate family and enjoy the benefits of marriage. He argues that in J.L.N. v. State, 894 So.2d 738
(Ala.Crim.App. 2002), this court found that the *Page 721 
operation of the CNA infringed on the defendant's right to marry his fiancee, who was also the victim of his crime.
In J.L.N. v. State, 894 So.2d 751 (Ala. 2004), the Alabama Supreme Court overturned this court's decision, finding that J.L.N. did not demonstrate that he had standing to challenge the CNA because he failed to show that he and the victim were married or that they had attempted to marry. Boyd also has failed to offer any evidence indicating that he was married. Therefore, he has not shown that he has standing to challenge the CNA on this ground.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
 On Application for Rehearing
McMILLAN, Presiding Judge. APPLICATION OVERRULED.
COBB and BASCHAB, JJ., concur.
SHAW, J., dissents, with opinion, in which WISE, J., joins.
[1] The prosecutor stated that she expected Tim Strother, who worked at Planit Solutions, to testify regarding the dates that Boyd applied for employment, was offered a job, and began working at the business. She also stated that she expected Strother to state that "[s]ubsequent to Mr. Strother finding out about the fact that [Boyd] was a sex offender and that that location was too near a child care facility, he made that aware [sic] to Sergeant Greene and your employment was subsequently terminated from that business."