I would grant the State's application for rehearing for the sole purpose of addressing its contention that this Court's decision in Townsend v. City of Mobile, 793 So.2d 828
(Ala.Crim.App. 1998), rev'd on other grounds, 793 So.2d 835
(Ala. 2000), incorrectly states Alabama law.
In Townsend, this Court held:
 "The City of Mobile asserts that this Court is without jurisdiction to decide the appellant's Commerce Clause claim because the appellant failed to notify the attorney general that he was challenging the constitutionality of a city ordinance, and it cites § 6-6-227, Ala. Code 1975, in support of its assertion. However, § 6-6-227 is a provision included in the civil practice section of the Code and is inapplicable in a criminal proceeding. Because the appellant properly presented his constitutional argument to the circuit court, the issue is properly before this Court."
793 So.2d at 829. The State argues that the sole basis for this Court's holding in Townsend — that § 6-6-227, Ala. Code 1975, is inapplicable in a criminal proceeding because it appears in the civil practice section of the Code — is called into doubt by § 1-1-14(a), Ala. Code 1975, which provides:
 "(a) The classification and organization of the titles, chapters, articles, divisions, subdivisions and sections of this Code, and the headings thereto, are made for the purpose of convenient reference and orderly arrangement, and no implication, inference or presumption of a legislative construction shall be drawn therefrom."
Citing several decisions by the Alabama Supreme Court, includingBarger v. Barger, 410 So.2d 17 (Ala. 1982), the State maintains that § 6-6-227 has a wider field of operation than this Court allowed in Townsend.
The State raised this jurisdictional issue on original submission, and I joined the other members of this Court in accepting jurisdiction based on Townsend. However, the State's request that we revisit Townsend is duly noted. Because § 1-1-14(a) casts doubt on this Court's rationale inTownsend, I believe that we should take a fresh look at the scope of § 6-6-227.
 WISE, J., concurs. *Page 722