983 So.2d 1152 (2007)
Johnny FEGGANS
v.
STATE of Alabama.
CR-05-2345.
Court of Criminal Appeals of Alabama.
August 31, 2007.
Rehearing Denied October 26, 2007.
Eleanor J. Jones, Mobile, for appellant.
Troy King, atty. gen., and Stephanie N. Morman, asst. atty. gen., for appellee.
PER CURIAM.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur. SHAW, J., concurs specially, with opinion.
SHAW, Judge, concurring specially.
I concur with the unpublished memorandum. I write specially only to note that in Boyd v. State, 960 So.2d 717 (Ala.Crim. App.2006), I dissented on application for rehearing and stated that I believe that this Court should revisit Townsend v. City of Mobile, 793 So.2d 828 (Ala.Crim.App. 1998), rev'd on other grounds, 793 So.2d 835 (Ala.2000), and take a fresh look at the scope of § 6-6-227, Ala.Code 1975, requiring that the attorney general be served when a statute, municipal ordinance, or franchise is alleged to be unconstitutional. The Alabama Supreme Court initially granted certiorari review in Boyd, but ultimately quashed the writ without opinion. Boyd v. State, 960 So.2d 722 (Ala.2006). Justice See, joined by Justice Parker, concurred specially in Boyd, expressing the view that Townsend was wrongly decided but agreeing with the majority that the writ in Boyd was due to be quashed. Citing, among other cases, Bratton v. City of Florence, 688 So.2d 233 (Ala.1996) (dismissing a constitutional challenge to a zoning ordinance on its face because the Brattons failed to serve the attorney general, but addressing the merits of the Brattons' argument regarding the planning commission's exercise of discretion in applying the zoning ordinance to them), Justice See concluded that the attorney general must be served when parties challenge the constitutionality of a statute on its face, but that the attorney general need not be *1153 served when parties challenge the constitutionality of a statute as it applies to them. See also Mobile County Dep't of Human Res. v. Mims, 666 So.2d 22, 26 (Ala.Civ.App. 1995) (finding "no requirement that the Attorney General's office be served" when Mims challenged the constitutionality of the officials' enforcement of statutes against him, rather than challenging "the constitutionality of the statutes or regulations themselves"). Although I remain convinced that this Court should revisit Townsend, I do not believe that this case, which does not present a constitutional challenge to a statute on its face, is the proper case in which to do it.