BURKE, Judge,
concurring in the -result.
The majority grants the State’s petition for a writ of mandamus and, in doing so, holds that Alabama’s capital-sentencing scheme is constitutional under Hurst v. Florida, 577 U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). Although I agree with the rationale employed by the majority regarding the constitutional issue, I would not reach the constitutional issue because, in my view, the trial court lacked subject-matter jurisdiction to rule on that issue. Therefore, I concur in the result.
In J.L.N. v. State, 894 So.2d 751, 753-54 (Ala.2004), the Alabama Supreme Court held:
“ ‘Not all controversies ... are justiciable. Justiciability is a compound concept, composed of a number of distinct elements. Chief among these elements is the requirement that a plaintiff have “standing to invoke the power of the court in his behalf.” ’ Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala.1998)(quoting Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990)). ‘Standing *974 ... turns on “whether the party has been injured in fact and whether the injury is to a legally protected right.” ’ State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999)(quoting Romer v. Board of County Comm’rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998)(Kourlis, J., dissenting)).
‘“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction. Barshop v. Medina County Underground Water Conservation District, 925 S.W.2d 618, 626 (Tex.1996)(“Standing is a necessary component of subject matter jurisdiction”). See also Raines v. Byrd, 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997); Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); United States v. Hays, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995)(“ ‘standing “is perhaps the most important of [the jurisdictional] doctrines” ’ ”); National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994)(“Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.”); Romer v. Board of County Comm’rs of the County of Pueblo, supra, 956 P.2d at 585 (“standing is a jurisdictional prerequisite to every case and may be raised at any stage of the proceedings”)(Martinez, J., dissenting); Cotton v. Steele, 255 Neb. 892, 587 N.W.2d 693 (1999). But see Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh, 554 Pa. 249, 721 A.2d 43 (1998) (standing is not jurisdictional).’
“State v. Property at 2018 Rainbow Drive, 740 So.2d at 1028. it
“‘Appellate courts will not pass upon a constitutional question unless some specific right of the appellant is directly involved; the appellant must belong to that class affected by the statute’s provisions. McCord v. Stephens, 295 Ala. 162, 325 So.2d 155 (1975); Evans v. State, 338 So.2d 1033 (Ala.Crim.App.1976), cert. denied, 348 So.2d 784 (Ala.1977); Bozeman v. State, 7 Ala.App. 151, 61 So. 604, cert. denied, 183 Ala. 91, 63 So. 201 (1913). Even under the circumstances where a constitutional attack on a statute may be presented to the trial court prior to trial and, consequently, without benefit of a trial record, adherence to the traditional concepts of standing is required. See, e.g., State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943); State v. Wilkerson, [54 Ala.App. 104, 305 So.2d 378 (1974)]; People v. Allen, 657 P.2d 447 (Colo.1983); State v. Raybon, 242 Ga. 858, 252 S.E.2d 417 (1979); State v. Price, 237 N.W.2d 813 (Iowa 1976), appeal dismissed, 426 U.S. 916, 96 S.Ct. 2619, 49 L.Ed.2d 370 (1976); People v. Jose L., 99 Misc.2d 922, 417 N.Y.S.2d 655 (N.Y.Crim.Ct.1979); Commonwealth v. Bonadio, 490 Pa. 91, 415 A.2d 47 (1980); Commonwealth v. Hughes, 468 Pa. 502, 364 A.2d 306 (1976). Unless these usual rules of standing are not applicable to the situation at bar, they should have precluded the trial court from deciding the constitutionality of the sexual misconduct statute in a factual vacuum.’
“State v. Woodruff, 460 So.2d [325] at 328 [(Ala.Crim.App.1984)].”
The phrase “injury in fact” has been defined as “ ‘an invasion of a legally protected interest which is (a) concrete and particularized, see [Allen v. Wright, 468 *975 U.S. 737,] at 756 (1984)]; Warth v. Seldin, 422 U.S. 490, 508 (1975); Sierra Club v. Morton, 405 U.S. 727, 740-741, n. 16 (1972); and (b) “actual or imminent, not ‘conjectural’ or ‘hypothetical,’” Whitmore[ v. Arkansas,] 495 U.S. [149,] at 155 (1990)] (quoting Los Angeles v. Lyons, 461 U.S. 95[, 102] (1983)).’” Salter v. State, 971 So.2d 31, 35-36 (Ala.Civ.App.2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).
The trial court’s order purports to hold “Alabama’s capital sentencing scheme” unconstitutional on its face but fails to cite the specific statutes it intends to invalidate. However, the sentencing provisions of Alabama’s death-penalty statutes begin in § 13A-5-43, Ala.Code 1975. At the time of the proceedings below, § 13A-5-43(d), Ala.Code 1975, provided[19]:
“If the defendant is found guilty of a capital offense or offenses with which he is charged, the sentence shall be determined as provided in Sections 13A-5-45 through 13A-5-53[, Ala.Code 1975].”
(Emphasis added.) Section 13A-5-45(a), Ala.Code 1975, details the sentencing proceedings that are .to take place “[u]pon conviction of a defendant for a capital offense. ...” (Emphasis added.)
In the proceedings below, none of the defendants have been convicted of a capital offense. Rather, all have been indicted for capital murder under various provisions of § 13A-5-40(a), Ala.Code 1975, and are awaiting trial. At the present time, there exists the possibility that some or all of the defendants could be acquitted of capital murder. Consequently, any invasion of a legally protected interest would be hypothetical at this point. Because the defendants are not presently subject to any of the provisions of Alabama’s capital-sentencing scheme, they have not suffered an “injury in fact.” Therefore, none of the defendants belong to a “ ‘class affected by the statute’s provisions,’ ” J.L.N., 894 So.2d at 754, (quoting State v. Woodruff, 460 So.2d at 328), and do not have standing to raise a constitutional challenge.
Accordingly, I would hold that the trial court lacked subject-matter jurisdiction to rule on the defendants’ motions, and I would grant the State’s petition on that basis alone.
I also note that, at the hearing on the defendants’ motion to hold Alabama’s capital-sentencing scheme unconstitutional, the trial court refused to allow counsel from the Alabama Attorney General’s Office to argue the validity of Alabama’s death-penalty statutes on behalf of the State. (Petitions, Appendix B, p. 6.) Assistant Attorney General Clay Crenshaw sought to enter an oral notice of appearance at the beginning of the hearing, but counsel for three of the four defendants objected based on a lack of notice. The trial court stated: “Pursuant to the notice requirement in the Alabama Rules of Criminal Procedure and the laws of the State of Alabama, I’m going to deny the State’s request for the attorney general to enter any sort of arguments on the record as it relates to the hearings before this court today.” (Petitions, Appendix B, p. 6.)
Section 6-6-227, Ala.Code 1975, provides:
“All persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the pro *976 ceeding. In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made-a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.”
Although this Court has held that § 6-6-227 “is a civil provision which is inapplicable in criminal proceedings,” Boyd v. State, 960 So.2d 717, 719 (Ala.Crim.App.2006)(citing Townsend v. City of Mobile, 793 So.2d 828 (Ala.Crim.App.1998), rev’d on other grounds, 793 So.2d 835 (Ala.2000)), I believe,, as did then Judge Shaw, that the holding in Townsend should be revisited. See Boyd, 960 So.2d at 721, (on application for rehearmg)(Shaw, J., dissenting). See also Feggans v. State, 983 So.2d 1152 (Ala.Crim.App.2007) (Shaw, J., concurring specially)(noting that the attorney general should be notified only when a party as-sérts a facial challenge, rather than an as-applied challenge, to the constitutionality of a statute).
In Townsend, this Court based its holding that § 6-6-227 applies only to civil actions on the fact that § 6-6-227 “is a provision included in the civil, practice section of the Code....” 793 So.2d at 829., However, § 1-1-14, Ala.Code 1975, provides:
“(a) The classification and organization of the titles, chapters, articles, divisions, subdivisions and sections of this Code, and the headings thereto, are made for the purpose of convenient reference and orderly arrangement; and no implication, inference or presumption of a legislative construction shall be drawn therefrom.
“(b) Unless otherwise provided in this Code, the descriptive headings or catch-lines immediately preceding or within the text of the individual sections of this Code, except the section numbérs included in the headings or catchlines immediately preceding the text of such sections, do not constitute part of the law, and shall in no manner limit or expand the construction of any such section. All historical citations and notes set out in this Code aré given'for the purpose of convenient reference, and do not constitute part of the law.”
Thus, the fact that § 6-6-227 appears in the civil-practice- section of the Code is not dispositive; Accordingly, I would urge this Court-to revisit its holding in Townsend regarding the scope of § 6-6-227.
Finally, I point out that the trial court’s 28-page order, which appears to have been pre-drafted because it was read into the record immediately upon the conclusion of the hearing, contains sparse analysis on the application of Hurst to Alabama’s capital-sentencing scheme. ' The majority of the order is devoted to the trial court’s opinions regarding partisan politics,[20] the effects of an elected judiciary, court'funding, and the propriety of the death penalty in general. Additionally, the trial court extensively cites secondary sources, including materials from “Project Hope to Abolish the Death Penalty” as well as from the Web site of the Equal Justice Initiative, a nonprofit organization whose attorneys are representing the defendants in this Very *977 proceeding.[21] In reviewing the materials that were filed with this Court, I find no mention of these issues. Thus, I question whether the trial court’s ultimate conclusion is based on its analysis of Hurst or on the trial judge’s personal opinions regarding Alabama’s death penalty.

. Section 13A-5-43 was amended effective May 11, 2016. See Act No, 2016-360, Ala. Acts 2016. Although Act No, 2016-360 added language to subpart (d) of § 13A-5-43, it did not alter the pertinent language of the statute quoted above.

. The trial court's order begins with the trial judge’s assertion that "[t]he influence of parti- . san politics on tire Alabama judiciary indeed has never ending, interlaced talons that reach into every aspect of its criminal justice system .., and continues to opine that "Alabama’s judiciary has unequivocally been hijacked by partisan interests and unlawful legislative neglect. ' ’ (Petitions, Appendix A, p. 1.)

. Attorneys for Equal Justice Initiative filed a notice of appearance with this Court on March 14, 2016, on behalf of the respondents in the present mandamus proceedings.